IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:24-CV-00277-M-BM

JAMES NATHANIEL DOUSE,

    Plaintiff,

v.

UNITED STATES OF AMERICA and
GREYLOCK MCKINNON
ASSOCIATES, INC.

    Defendants.

ORDER

This matter comes before the court on a Memorandum and Recommendation (the "M&R") filed in this matter by Magistrate Judge Brian S. Meyers on January 23, 2025 [DE 39]. In the M&R, Judge Meyers recommends that the court (1) grant Defendant United States' motion to dismiss [DE 16], (2) grant Defendant Greylock McKinnon Associates' ("GMA's") motion to dismiss [DE 11], (3) deny Plaintiff's motion for default [DE 21], (4) deny as moot GMA's motion to stay the Rule 26(f) conference and initial disclosures [DE 20], and (5) deny as moot the United States' motion to stay initial disclosures [DE 35]. DE 39 at 1-2, 20, 22-26. The Recommendation was served on the parties, and Plaintiff timely filed what he styled as a "Motion for Interlocutory Appeal to [the] United States Chief District Judge [and] Response in Opposition to [the M&R]," DE 43 at 1, which the court has construed as an objection to the M&R.[1]

---

[1] As a threshold matter, the court concurs with Judge Meyers' conclusion that jurisdiction remains in the district court to resolve the pending motions in this action, notwithstanding Plaintiff's appeal of the Clerk of Court's Order granting GMA's motion for an extension of time to answer the Complaint. *See* DE 39 at 9; *United States v. Jones*, 367 F. App'x 482, 484 (4th Cir. 2010) (explaining that "district court does not lose jurisdiction when the litigant takes an appeal from an unappealable order"); *Stoyanov v. Mabus*, No. 09-CV-3479, 2024 WL 2384117, at *2 (D. Md. May 23, 2024) (holding that, when plaintiff filed appeals of orders that "are unappealable, [] the [district] court retains jurisdiction over th[e] case"), *aff'd sub nom. Stoyanov v. Del Toro*, No. 24-1661, 2024 WL 5200152 (4th Cir. Dec. 23, 2024); *see also* DE 40 at 2 (Fourth Circuit's Order dismissing Plaintiff's appeal and finding that "[t]he order

1

A magistrate judge's recommendation carries no presumptive weight. *See United States ex rel. Wheeler v. Acadia Healthcare Co., Inc.*, 127 F.4th 472, 486 (4th Cir. 2025). The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). "The Federal Magistrates Act only requires district courts to 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *Osmon v. United States*, 66 F.4th 144, 146 (4th Cir. 2023) (quoting 28 U.S.C. § 636(b)(1)). And "a party's objection to a magistrate judge's report [must] be specific and particularized." *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). This is a low bar, particularly when the plaintiff is pro se. *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

After de novo review, the court ADOPTS the M&R [DE 39] in full. For the reasons stated therein:

1. GMA's motion to dismiss [DE 11] is GRANTED and Plaintiff's claims against GMA [DE 1] are DISMISSED WITHOUT PREJUDICE;

2. The United States' motion to dismiss [DE 16] is GRANTED, in that Plaintiff's claims [DE 1] under Federal Tort Claim Act are DISMISSED WITHOUT PREJUDICE and all other claims against the United States are DISMISSED WITH PREJUDICE;

---

[Plaintiff sought] to appeal is neither a final order nor an appealable interlocutory or collateral order"); *but cf. James Nathaniel Douse v. United States of America and Greylock McKinnon Associates*, No. 24-1838, (4th Cir. 2024), DE 22 (Plaintiff's petition for rehearing); DE 23 (temporary stay of mandate pending ruling on Plaintiff's petition); *Kusay v. United States*, 62 F.3d 192, 194 (7th Cir. 1995) (collecting cases for proposition that, "[u]ntil the mandate issues, the case is 'in' the court of appeals"). Thus, although Plaintiff's appeal remains "in" the Fourth Circuit pending resolution of his petition for rehearing, this court never lost jurisdiction because Plaintiff appealed an unappealable order.

2

3. Plaintiff's motion for default against GMA [DE 21] is DENIED;

4. GMA's motion to stay the Rule 26(f) conference and initial disclosures [DE 20] is DENIED AS MOOT; and

5. The United States' motion to stay initial disclosures [DE 35] is DENIED AS MOOT.

The Clerk of Court is directed to enter judgment consistent with this order, and close this case.

SO ORDERED this 26th day of March, 2025.

*Richard E Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE