IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:24-CV-00277-M-BM

JAMES NATHANIEL DOUSE,

    Plaintiff,

v.

UNITED STATES OF AMERICA, and
GREYLOCK MCKINNON ASSOCIATES,

    Defendants.

ORDER

This matter comes before the court on the Plaintiff's pro se Motion for Reconsideration of March 26, 2025 Order and "Request for U.S. Magistrate Judge Brian S. Meyers ... to Recuse Himself and be Replaced by an Impartial Sitting Judge" [DE 49]. In addition to his request for recusal, Plaintiff seeks reconsideration of this court's order adopting the memorandum and recommendation ("M&R") issued by Judge Meyers, recommending that the court grant the Defendants' motions to dismiss Plaintiff's claims for relief. *Id.* For the reasons that follow, Plaintiff's requests are denied.

Courts must construe the pleadings and filings of pro se litigants liberally. *Cason v. Maryland Div. of Corr.*, No. 21-6290, 2022 WL 1074521, at *2 (4th Cir. Apr. 11, 2022) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Such liberal construction, however, "does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court." *Smith v. Winfrey*, No. 2:10CV182, 2010 WL 6797341, at *1 (E.D. Va. May 18, 2010), *aff'd*, 395 F. App'x 32 (4th Cir. 2010) (citing *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990)).

The Federal Rules of Civil Procedure do not contemplate requests for "reconsideration" of a district court's orders, except in limited circumstances. Construing Plaintiff's motion liberally, the court finds he seeks relief under Rule 59(e) of the Federal Rules of Civil Procedure, governing motions to alter or amend judgments. "Reconsideration is an 'extraordinary remedy,' to be used 'sparingly,' available on only three grounds: 1) an intervening change in controlling law; 2) previously unavailable evidence; or 3) to correct a clear error of law or prevent manifest injustice." *JTH Tax, Inc. v. Aime*, 984 F.3d 284, 290 (4th Cir. 2021) (quoting *Pac. Ins. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.*

Plaintiff does not mention any of Rule 59(e)'s grounds but, rather, maintains that he has a plausible claim for relief (DE 49 at 2); points to a typographical error in the Judgment, which states that all of his claims against the United States are dismissed without prejudice when the order states that all of his claims against the United States, except claims under the Federal Tort Claims Act, are dismissed *with* prejudice; (*id.* at 6-7); and contends that the court, in fact, has jurisdiction over his claims based on the fact that he has a separate pending action against the United States under the Camp Lejeune Justice Act (*id.* at 8-10). The court finds that, construed liberally, Plaintiff's motion does not identify any "intervening change in controlling law" or "previously unavailable evidence"; thus, to proffer a viable request under Rule 59(e), Plaintiff must rely on the third basis for reconsideration.

This court adopted Judge Meyers' thorough and well-considered M&R in full. DE 46. Judge Meyers recommended that Plaintiff's claims against Defendant Greylock McKinnon
2

Associates (GMA) be dismissed without prejudice for this court's lack of personal jurisdiction; Plaintiff's claims alleging torts under the Federal Tort Claims Act (FTCA) against the United States be dismissed without prejudice for the court's lack of subject-matter jurisdiction; and Plaintiff's claims alleging HIPAA and other violations against the United States be dismissed for Plaintiff's failure to state a plausible claim for relief. *See* DE 39. Plaintiff's conclusory argument repeated here[1] that he does, in fact, have viable claims against Defendants is insufficient to demonstrate any clear error or manifest injustice. Likewise, the typographical error, which actually leans in Plaintiff's favor, does not demonstrate a basis on which to reconsider the M&R.

    Finally, Plaintiff's separate pending action against the United States under the CLJA does not automatically provide the court jurisdiction in *this* case to hear Plaintiff's allegations concerning a purported data security breach involving the Plaintiff's personal information, which Plaintiff alleges he provided to GMA and the United States when he filed his claim under the CLJA. Federal courts are courts of limited jurisdiction, and subject-matter jurisdiction for each action must be obtained in one of two ways: (1) by asserting a cognizable "federal question," such as a violation of a federal statute that provides a private right of action (28 U.S.C. § 1331); or (2) by demonstrating that the parties are diverse and the disputed amount exceeds $75,000.00 (28 U.S.C. § 1332). In some instances, such as under the FTCA, Congress has determined that courts lack subject-matter jurisdiction when a claimant fails to meet the requirements necessary for a private right of action, such as exhaustion of administrative remedies. *See* DE 39 at 21-22 (describing the statutory requirements for filing a cognizable action under the FTCA). Thus, in this respect, Plaintiff fails to demonstrate a clear error of law or manifest injustice in the dismissal of his claims against the Defendants.

---

[1] Plaintiff had the opportunity to, and did, file objections to Judge Meyers' M&R, in which he argued that he stated plausible claims for relief against Defendants. DE 43 at 3-6.

Regarding Plaintiff's request for recusal of Judge Meyers from this case,[2] Plaintiff claims that Judge Meyers has a "conflict of interest" and requests his recusal pursuant to 28 U.S.C. §§ 455(a) and (b)(1).[3] Section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b)(1) provides that any such judge "disqualify himself ... [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Here, Plaintiff contends that Judge Meyers is a "co-worker" of the Clerk of the Court and two Clerk's Office employees, who all work "in the same Raleigh, NC office." Although vague, Plaintiff implies that Judge Meyers appears to be biased, because he found nothing improper when the Clerk of the Court granted GMA's request for an extension of the answer deadline, which, purportedly occurred despite Plaintiff's objection that two Clerk's Office employees "attempt[ed] [to] change my Pleading and to block Plaintiff's Documentation/Evidence Letter filed in this Court." *See* DE 39 at 9-10.

First, the mere fact that Judge Meyers, the Clerk of the Court, and the Clerk's Office employees all work at the same courthouse in Raleigh does not demonstrate any improper bias or prejudice on the part of Judge Meyers against the Plaintiff. "The [c]ourt is unaware of any case law supporting a finding that a judge lacks impartiality based on the location of his chambers."

---

[2] Typically, a motion for recusal is adjudicated by the judicial officer who is the subject of the motion. In this case, however, Plaintiff included his request in a Rule 59(e) motion addressed to this court's final order and filed after the closure of this case. Under these circumstances, the undersigned finds it proper to address the motion to determine first whether Plaintiff states a viable basis on which Judge Meyers should consider recusal. *C.f. In re Fam. Dollar FLSA Litig.*, No. 3:08MD1932, 2014 WL 4829025, at *1 (W.D.N.C. Sept. 29, 2014) (noting that movant "cites no instance where the law objects to another judge in the same Court deciding whether recusal is appropriate" and emphasizing the "heightened protection" of impartiality in doing so).

[3] Plaintiff also requests that the court "assign this case to an actual SITTING Impartial and Fair United States Federal District Judge." Plaintiff mentions nothing about the fact that the undersigned, a "sitting impartial and fair" United States District Judge, issued the final order adopting Judge Meyers' M&R in full. *See* DE 46.

4

*Walker v. United States*, No. 1:11CV128, 2015 WL 1268255, at *2 (M.D.N.C. Mar. 19, 2015) (overruling objection to a magistrate judge's § 2254 recommendation based on the fact that his chambers sat in the same location as a former-state-court, now-federal-district judge, who presided over the underlying criminal action). Second, Plaintiff cannot demonstrate a judicial officer's prejudice or bias under § 455 based on an unfavorable decision. *McClain v. Warden, Turbeville Corr. Inst.*, 805 F. App'x 221, 222 (4th Cir. 2020) ("Adverse 'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'") (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Third, the court has reviewed the case docket and finds nothing improper about how this case has proceeded. Accordingly, Plaintiff has failed to demonstrate a viable basis on which Judge Meyers should consider recusing from this case.

For the foregoing reasons, the court DENIES Plaintiff's motion for reconsideration and recusal [DE 49].

SO ORDERED this 15th day of July, 2025.

*/s/ Richard E. Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE